(No. 46848.—

THE PEOPLE *ex rel.* WILLIE BAYLOCK, Petitioner, v. JOSEPH J. LONGO *et al.,* Respondents.

*Opinion filed November 27, 1974.*

Howard M. Rubin, of Chicago (Peter Berman (law student), of counsel), for petitioner.

William J. Scott, Attorney General, of Springfield (James B. Zagel and Robert E. Davy, Assistant Attorneys General, both of Chicago, of counsel), for respondents.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

After entering a plea of guilty to the offense of robbery, the relator, Willie Baylock, was sentenced on October 6, 1972, to serve 3 to 5 years in the penitentiary. On June 7, 1974, he filed with the respondents, who are the chairman and members of the Parole and Pardon Board of the State of Illinois, a written demand that he be given immediate consideration for parole. Upon refusal of that demand, relator then sought and was granted leave to file this original *mandamus* action seeking issuance of a writ to compel the respondents to consider him for parole.

At the time of relator's conviction, the offense of robbery was punishable by an indeterminate sentence of 1 to 20 years in the penitentiary. (Ill. Rev. Stat. 1971, ch. 38, par. 18—1.) He would then become eligible for parole after serving the minimum term of that indeterminate

sentence less any time credited for good behavior (Ill. Rev. Stat. 1971, ch. 38, par. 123—2)—or 3 years after September 16, 1972, his custody date (see Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—7), less any "good time" which may have accrued to his credit. Therefore, under prior law, assuming that he continues to earn compensatory time credits provided for by the rules of the Department of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1003—6—3) and does not lose any statutory "good time" credits (see section 813, Administrative Regulations, Department of Corrections), Baylock will become eligible for parole on or about December 8, 1974, after serving approximately 2 years, 2 months and 22 days of his 3- to 5-year sentence.

Under the new Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*), which became effective on January 1, 1973, robbery is a Class 2 felony (Ill. Rev. Stat. 1973, ch. 38, par. 18—1(b)), which is punishable by the same indeterminate sentence of 1 to 20 years. The Unified Code provides in section 3—3—3(c) that:

> "Any person in the custody of the Department of Corrections on the date this Section becomes operative who, under prior law, would have been eligible for parole sooner than provided in this Section, shall have his parole eligibility determined under such prior law; otherwise his eligibility shall be determined under this Article and Article 8 of Chapter V." (Ill. Rev. Stat. 1973, ch. 38, par. 1003—3—3(c).)

Since parole eligibility for an indeterminate sentence with a minimum term of 3 years is determined under the Unified Code in the same manner as under prior law (Ill. Rev. Stat. 1973, ch. 38, par. 1003—3—3(a)), it would appear that Baylock should be eligible on or about December 8, 1974, in either case and thus derives no benefit from the application of section 3—3—3(c). The issue is not resolved so easily, however, because the Unified Code also requires that an individual who is convicted of a Class 2 or Class 3 felony must receive an

indeterminate sentence having a minimum term "not \*\*\* greater than one-third of the maximum term set \*\*\* by the court." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(3), (c)(4).) Thus, Baylock's sentence of 3 to 5 years—which was entirely proper under prior law—would no longer be allowable because the minimum term imposed exceeds one third of the maximum term.

Relator urges that the General Assembly, by adopting this "one-third" requirement in section 5—8—1, intended that any individual who is serving an indeterminate sentence under prior law for an offense now classified as a Class 2 or Class 3 felony shall be eligible for parole after serving no more than one third of the actual maximum term imposed under prior law. If required to serve 3 years (disregarding "good time") before becoming eligible for parole, relator will have served 60 percent of his maximum term of 5 years, whereas, if sentenced under the Unified Code, he would be eligible after serving only 33 1/3 percent of his maximum term. Thus he contends that he should have to serve only one third of his 5-year-maximum term—or 1 year and 8 months (again disregarding "good time")—in order to become eligible for parole. Applying this theory, given the statutory and compensatory "good time" he has earned, relator would have become eligible for parole under the Unified Code on January 31, 1974. That date is well before December 8, 1974, so, if his theory is correct, he would benefit from the application of section 3—3—3(c) and the Parole and Pardon Board would have erred in refusing his demand on June 7, 1974, for immediate consideration.

Relator further urges that section 5—8—1 applies in this manner to himself and others whose cases reached final adjudication prior to the effective date of the Unified Code of Corrections for two reasons: First, because section 3—3—3(c) states that "otherwise his eligibility shall be determined under this Article and Article 8 of Chapter V" and section 5—8—1 is contained in Article 8; and second,

because his theory is a logical extension of this court's previous decision in *People ex rel. Weaver v. Longo* (1974), 57 Ill.2d 67. We do not agree. Relator's theory is an erroneous interpretation of the legislative intent in enacting sections 3—3—3(c) and 5—8—1 of the Unified Code of Corrections and is not supported by our holding in *Weaver,* which is clearly distinguishable from this case.

In *Weaver,* James Weaver had been convicted of attempted armed robbery and had served 5 years of a 13- to 14-year sentence which had been properly imposed under prior law. He sought a writ of *mandamus* to compel the Parole and Pardon Board to consider him for parole immediately. Under the Unified Code, the maximum sentence possible for attempted armed robbery was 3 1/3 to 10 years (see Ill. Rev. Stat., 1972 Supp., ch. 38, pars. 8—4(c)(3) and 1005—8—1(b)(4) and (c)(4)). Thus, Weaver would have already become eligible for parole since he had served more than the minimum term of 3 1/3 years. We issued the writ of *mandamus,* holding that Weaver had indeed become eligible for parole through the application of section 3—3—3(c):

"Section 3—3—3(c) clearly gives to an individual who was in the custody of the Department of Corrections on the effective date of the new Code the option of having his parole eligibility determined under prior law or under section 3—3—3 and article 8 of chapter V of the new Code, whichever would make him eligible sooner. The formula for determining the date of parole eligibility under section 3—3—3(c) specifically refers to the sentencing structure found in section 5—8—1. The reference to determinate sentencing in section 3—3—3(a)(3) does not persuade us that the legislature did not intend or contemplate recomputation of prior sentences for parole-eligibility purposes in view of the express direction of section 3—3—3(c). While recognizing that

section 3—3—3 is awkwardly drafted, we believe
section 3—3—3(c) must control and that relator
must be treated, for parole-eligibility purposes, as
though he had received the maximum sentence
under the sentencing structure of the new Code."
(57 Ill.2d 67, 71-72.)

Weaver therefore was entitled to be treated for parole purposes as if he had received a minimum term of 3 1/3 years instead of 13 years.

Relator's case is far different from that of James Weaver. Whereas Weaver had received a minimum term (13 years) under prior law which exceeded the greatest minimum term (3 1/3 years) he could have received under the Unified Code of Corrections for the same offense, Baylock received a minimum term (3 years) under prior law which was far less than the greatest minimum term (6 2/3 years) he could have received under the Unified Code for the same offense. Relator asks this court to assume, for parole-eligibility purposes, that he would have received the same maximum term of 5 years if sentenced under the Unified Code and urges that we should therefore lower his minimum term from 3 years to one third of his maximum term of 5 years, or 1 year and 8 months. We cannot make such an assumption.

In applying section 3—3—3(c)—for reasons of consistency and fairness to all defendants—we assumed, in *Weaver,* that a defendant would have received the maximum sentence possible under the Unified Code of Corrections for his particular offense. This court has no way to accurately determine what sentence the trial judge would have imposed on relator under the Unified Code, but, in any event, we think it is logical that a judge who believed that relator ought to serve 3 years before becoming eligible for parole would have imposed a penalty under the Unified Code requiring at least a similar period of imprisonment prior to eligibility for parole. In enacting section 3—3—3(c), the legislature did not intend to alter the

parole-eligibility date of the thousands of prisoners who had received a proper sentence under prior law which would no longer be allowable only because the minimum term imposed exceeded one third of the maximum term. Rather, we believe that section 3—3—3(c) was intended to aid only those persons, such as James Weaver, whose minimum term under prior law exceeded the highest minimum term they could have possibly received under the Unified Code of Corrections for the same offense.

The maximum sentence that Willie Baylock could have received under the Unified Code was 6 2/3 to 20 years. Since he received under prior law a minimum term of less than 6 2/3 years, it is to his advantage—and hence required by section 3—3—3(c)—that his parole-eligibility date be determined under prior law. Consequently, relator is not eligible for parole until on or about December 8, 1974, and the Parole and Pardon Board did not err in refusing his demand for immediate consideration for parole.

It is therefore ordered that the writ of *mandamus* be denied.

*Writ denied.*